UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT L. SPRAGUE,  )  <br>          Plaintiff,  )  <br>                                )     No. 1:12-cv-978  <br> -v-                           )  <br>                                )     HONORABLE PAUL L. MALONEY  <br> WILLIAM BAILLARGEON,  )  <br>          Defendant.  )  <br> _____ )  | |

### ORDER DISMISSING PLAINTIFF'S COMPLAINT

In 2010, the State Farm Insurance Company filed suit against Albert Sprague in the District Court of Allegan County, Michigan. According to the complaint, Mr. Sprague negligently caused a car accident with one of State Farm's customers. Mr. Sprague did not have insurance, and State Farm brought suit against him directly to recover the damages.

Mr. Sprague, plaintiff in the present case, now files suit against William Baillargeon, the judge who presided over the State Farm matter. In his complaint, Mr. Sprague raises a number of objections to Judge Baillargeon's conduct in resolving the State Farm matter. He asks for money damages and for a declaration that the State Farm judgment is null and void. (ECF No. 1.) Separately, Mr. Sprague has filed a motion asking this court to set aside the judgment in the State Farm matter (ECF No. 2) and a motion asking this court to declare that Mr. Sprague was disabled under the Americans with Disabilities Act during the pendency of the State Farm matter (ECF No. 3).

#### DISCUSSION

The "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In this case, a preliminary review of Mr. Sprague's

Complaint makes clear that this court lacks jurisdiction over several of his claims.

Mr. Sprague's Complaint contains nine separate counts against Judge Baillargeon. Counts 1 and 2 claim that Judge Baillargeon violated the Due Process Clause by failing to recuse himself from the State Farm matter. Count 3 states a defamation claim based on Judge Baillargeon's in-court statement that Mr. Sprague will have to "make a demonstration that [he is] going to follow the laws of the State of Michigan in order to avail [him]self of the privilege to drive." Counts 4, 5, 6, and 7 claim additional due-process violations because of Judge Baillargeon's failure to recuse himself at various later points in the State Farm matter. Count 8 claims that Judge Baillargeon violated the Due Process Clause by requiring Mr. Sprague (as a *pro se* litigant) to comply with the Michigan Rules of Court. Finally, Count 9 raises what Mr. Sprague refers to as "a common law cause of action based on an elected Judge's responsibility to the public health and welfare of his constituents while in his Court." Essentially, Mr. Sprague alleges that Judge Baillargeon's conduct during the State Farm matter caused him "considerable stress," exacerbating his indigency and preexisting health problems and leading Mr. Sprague to suffer from what he calls "Legal Abuse Syndrome." Mr. Sprague appears to seek a declaration that the judgment in the prior case is void, as well as money damages for several of the alleged violations.[1]

Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review state-court judgments. *Coles v. Granville*, 448 F.3d 853, 857–59 (6th Cir. 2006). As the Supreme Court explained in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court

---

[1] In a separate motion, Mr. Sprague specifically asks this court to set aside the judgment in the State Farm matter. (ECF No. 2.)

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.  In asking this court to declare the State Farm judgment void because of legal errors that Judge Baillargeon supposedly committed in resolving that matter, Mr. Sprague essentially seeks appellate review of a prior state-court decision.  This falls directly under *Rooker–Feldman*, and so this court lacks subject-matter jurisdiction over Mr. Sprague's claims to this extent.  *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460–61 (6th Cir. 2003) ("[W]hen granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction.").

This doctrine does not dispose of Mr. Sprague's complaint in its entirety.  "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon Mobil Corp.*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).  At the very least, Mr. Sprague's defamation claim (count 3), his challenge to the procedural rule requiring *pro se* parties to abide by the Michigan Rules of Court (count 8), and his claim that Judge Baillargeon breached a duty to "protect the health and welfare" of parties appearing before the court (count 9) could all be reasonably construed as independent claims rather than direct appeals of the State Farm judgment.

But this does not save Mr. Sprague.  The doctrine of judicial immunity precludes lawsuits seeking money damages from judges based on their judicial acts.  *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (citing cases and stating that "[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages").  "[I]t is a general

principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "[W]hether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, Mr. Sprague raises claims based on Judge Baillargeon's failure to recuse himself from the State Farm matter, a statement he made in the course of ruling on the case, his requirement that Mr. Sprague abide by the Michigan Rules of Court, and his failure throughout the proceeding to sufficiently account for Mr. Sprague's mental and physical health. Each of these claims clearly relates to judicial acts, and so Judge Baillargeon is immune from suit on each ground.

This immunity applies even if Judge Baillargeon's conduct "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (quoting *Bradley*, 80 U.S. at 351); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."). The complaint contains no suggestion that Judge Baillargeon acted in the "clear absence of all jurisdiction." Mr. Sprague's claims for money damages therefore fail.

For these reasons, each of Mr. Sprague's claims fail. Either they seek money damages and trigger judicial immunity, or they seek direct review of the state-court judgment and fall under *Rooker–Feldman*. Neither issue is a close one, and neither type of claim may be easily amended to

repair these problems. Mr. Sprague's complaint is wholly frivolous, and the court will therefore dismiss it *sua sponte*. *See Metzenbaum v. Nugent*, 55 Fed. App'x 729, 730 (6th Cir. 2003) ("Where a complaint is so unsubstantial as to deprive the court of jurisdiction, *sua sponte* dismissal is proper."); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

For the reasons discussed above, Plaintiff's complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: November 20, 2012	/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge